J-S06039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| OSCAR SETH-MURRAY | : | |
| Appellant | : | No. 1332 EDA 2020 |

Appeal from the PCRA Order Entered May 27, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004511-2018

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: Filed: March 25, 2021

Oscar Seth-Murray (Seth-Murray) appeals the order of the Court of Common Pleas of Delaware County (PCRA court) denying his petition for post-conviction relief.[1] He argues that the PCRA court erred in denying his petition without a hearing because there remained factual questions as to whether, prior to the entry of a guilty plea, his counsel had adequately advised him of available defenses to the charge of aggravated assault with serious bodily injury. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Post–Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.

## I.

Seth-Murray was charged with numerous felony counts arising from the shooting of two victims who sustained serious gunshot wounds. With the aid of counsel, Seth-Murray agreed to a negotiated guilty plea. As to Count 1 (attempted homicide), he was to receive a prison term of 15-40 years. As to Count 3 (aggravated assault with serious bodily injury), he was to receive a term of 7-15 years, concurrent to Count 1. As to Count 6 (possession of a firearm prohibited), he was to receive a term of 5-10 years, again concurrent to Count 1. The statutory definitions of all these offenses were enumerated and cited in the charging document.[2]

At the sentencing hearing, plea counsel advised the trial court that she had been working on Seth-Murray's case "for quite some time," often conferring not only with her client, but also members of his family. Plea counsel further stated that she and Seth-Murray had spoken at length about his remorse and acceptance of responsibility for the charged criminal acts.

Seth-Murray was ultimately sentenced pursuant to the terms of the negotiated plea agreement, receiving an aggregate term of 15-40 years. He

---

[2] The criminal information listed each of the respective statutes and statutory definitions for these counts. Of relevance to this appeal, the information specified in Count 3 that the offense of aggravated assault, as defined in 18 Pa.C.S. § 2702(a)(1), requires proof that the defendant "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."

indicated that he understood the terms of the sentence, that he had no questions about the terms, and that he had completed a post-sentence rights form. **See** Sentencing Transcript, 6/20/2019, at pp. 10-12. He also completed a guilty plea statement enumerating the rights he was waiving pursuant to the plea, and confirming that plea counsel had explained all the elements of the subject offenses. Seth-Murray did not file a direct appeal.

Within a year from the date that his judgment of sentence became final, Seth-Murray timely filed his first PCRA petition, *pro se*. He claimed that his guilty plea on the aggravated assault count was involuntary because his counsel had failed to notify him of the intent element of the offense – that he had "recklessly" attempted to cause "bodily injury or serious bodily injury."[3] Seth-Murray asserted, with little factual detail or legal support, that he would not have entered his plea had he known of those definitions because he was innocent of the crime for lack of having the requisite intent.

PCRA counsel was duly appointed to represent him, and shortly thereafter, counsel sought to withdraw from the case, filing a "no-merit letter" containing the reasons why he could not proceed further.[4] The PCRA court,

---

[3] Seth-Murray also claimed in his PCRA petition that his sentence was excessive and that the court lacked jurisdiction to sentence him. Those claims were abandoned in this appeal and need not be discussed further.

[4] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988); **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

in turn, filed a notice of intent to dismiss the petition without a hearing, stating in relevant part that the record conclusively established that Seth-Murray's guilty plea was knowing and voluntary.

Seth-Murray did not file a response to the PCRA court's notice of intent to dismiss. After the time for a response had elapsed, the PCRA court permitted counsel to withdraw and summarily denied the petition. Seth-Murray timely appealed,[5] and both he and the PCRA court complied with Pa.R.A.P. 1925.[6]

## II.

## A.

Seth-Murray contends that his claim of ineffectiveness was erroneously denied without a hearing because there remained questions of fact as to whether plea counsel's failure to advise him of potential defenses rendered his plea involuntary. The narrow claim posed in his PCRA petition only concerned the aggravated assault count. He argued that he did not knowingly plead guilty because he was never informed that the offense requires proof of a conscious, deliberate or reckless attempt to cause injury to the victim.

_____

[5] Seth-Murray submitted his notice of appeal to prison officials within 30 days from the date that his petition was denied, making the notice timely filed by operation of the prisoner mailbox rule. **See Thomas v. Elash**, 781 A.2d 170, 175 (Pa. Super. 2001).

[6] The Commonwealth did not file an appellate brief in this case.

Such claims are cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii); **see also Commonwealth v. Lynch**, 820 A.2d 728, 731–32 (Pa. Super. 2003) ("If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief.").[7]

If a PCRA petition is summarily denied, then we must "determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Burton**, 121 A.3d 1063, 1067 (Pa. Super. 2015) (quoting **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008)); **see also Commonwealth v. Morris**, 684 A.2d 1037, 1042 (Pa. 1996) (evidentiary hearings are not required "when there are no disputed factual issues").

Generally, claims of ineffective counsel must satisfy a three-part test:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to be effective, and [the petitioner] bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

_____

[7] Our standard of review of orders denying PCRA relief is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011). The PCRA court's legal conclusions are reviewed *de novo*. **See Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018).

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

The right to the effective assistance of counsel in criminal cases extends to the plea stage of the proceedings. *See Commonwealth v. Wah*, 42 A.3d 335, 338-39 (Pa. Super. 2012). A claim of ineffectiveness as to the entry of a guilty plea is grounds for PCRA relief only if counsel's conduct rendered the plea unknowing or involuntary. *Id*. Where a plea is entered on the advice of counsel, the voluntariness to enter the plea necessarily hinges on whether counsel performed within the range of competence demanded of attorneys in criminal cases. *See Commonwealth v. Yager*, 685 A.2d 1000, 1003–04 (Pa. Super. 1996).

In this context, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369–70 (Pa. Super. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "The reasonable probability test is not a stringent one"; it merely refers to "a probability sufficient to undermine confidence in the outcome." *Id*. at 370 (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)); *see also Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013) (same).

**B.**

In the present case, there is no question of fact as to whether Seth-Murray's plea counsel misadvised him on the elements of or the available

defenses to the count of aggravated assault. Seth-Murray himself stated on the record at sentencing that he was satisfied by the performance of plea counsel. He told the sentencing court that he understood all the rights he would be waiving as a condition of his plea, and he averred that counsel had explained the available trial defenses. Moreover, in his signed guilty plea statement, Seth-Murray initialed the paragraph stating that his lawyer had explained to him "the elements of [the charged offenses] and the possible penalties for them." He also initialed the paragraph providing that counsel had discussed with him all available defenses.

Seth-Murray is bound by these sworn statements, including his assurances that he had been fully advised of all statutory elements and defenses concerning the offenses he pleaded guilty to. *See Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (affirming denial of PCRA claim that plea was involuntary for lack of capacity where petitioner swore to the contrary at his colloquy: he was "bound by these statements, which he made in open court while under oath, and he may not now assert grounds for withdrawing the plea which contradict the statements.").

Since Seth-Murray's statements at sentencing directly contradict his grounds for withdrawing his plea, there existed no genuine issue of material fact as to plea counsel's effectiveness. Accordingly, the PCRA court did not err in denying Seth-Murray's ineffectiveness claim without an evidentiary hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/21